Submitted on record and briefs June 27, reversed and remanded October 15, 1997

Gerry MANDELL,
*Appellant,*

*v.*

John G. MAURER, M.D.,
*Respondent.*

(96-1239-L; CA A94522)

946 P2d 706

Gerry Mandell filed the brief *pro se*.

William E. Schireman and Frohnmayer, Deatherage, Pratt, Jamieson & Clarke, P.C. filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiff appeals a summary judgment entered in favor of defendant dismissing plaintiff's complaint for medical malpractice. We reverse and remand.

In his complaint, plaintiff alleged that he sought treatment from defendant, a physician, for a neck injury. Plaintiff alleged that defendant prescribed physical therapy and handed plaintiff two complimentary packages of the prescription anti-inflammatory medication, Ansaid. According to the complaint, the medications were not accompanied by any explanatory package inserts, and defendant failed to warn plaintiff of any side effects of taking the medication. Plaintiff alleged that, after taking the medication, he suffered severe chest and abdominal pain and was admitted to the hospital. Plaintiff had an angiogram to determine if he had suffered a heart attack. Although plaintiff was told that he had not suffered a heart attack, he was billed $10,000 for the hospital treatment. His medical insurance provider paid 80 percent of the bill, and plaintiff sought damages for the remaining 20 percent.

Defendant moved for summary judgment. In support of his motion, he supplied an affidavit, in which he personally testified that he explained to plaintiff the risks and side effects of taking Ansaid, including the possibility that plaintiff could suffer heartburn or indigestion. Defendant further testified that, in his opinion, his course of treatment met the applicable standard of care and, further, that "the care and treatment I provided to plaintiff was not a factor in causing any of the injuries and damages alleged in his complaint." In his memorandum to the court, defendant argued that,

> "[b]ecause [defendant's] treatment of the plaintiff met and exceeded the applicable standard of care, and because there is no competent evidence before the court which demonstrates that [defendant] caused any damage to the plaintiff, the court should grant [defendant's] motion for summary judgment."

In response, plaintiff submitted his own affidavit, in which he testified that defendant did not explain the risks and side

effects of taking Ansaid and that, if defendant had explained those risks and side effects, he would not have taken the drug.

The trial court concluded that there was a genuine issue of material fact as to whether defendant informed plaintiff of the risks and side effects of taking Ansaid. The court nevertheless allowed the summary judgment motion, on the ground that plaintiff had failed to controvert defendant's testimony that his treatment did not cause plaintiff's injuries or damages:

> "[Defendant's] affidavit does present, and he is competent based on his background set forth in that affidavit. He is competent to so testify that the care and treatment was not a factor in causing any treatment [*sic*] complained of. There is nothing in [plaintiff's] affidavit that counters that by expert opinion, as required by the law."

On appeal, plaintiff argues that the trial court erred in allowing the summary judgment motion, because there is a genuine issue of fact regarding the adequacy of his treatment and because defendant's affidavit does not establish beyond dispute that the treatment did not cause his damages.

Summary judgment is appropriate only when the moving party has established an absence of genuine issues of material fact and entitlement to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 411-14, 939 P2d 608 (1997). In examining the summary judgment record, we grant all reasonable inferences in favor of the non-moving party. *Jones*, 325 Or at 411-14.

■ The elements of an informed consent claim are (1) that the defendant failed to explain (a) in general terms the procedure or treatment to be undertaken, (b) any alternative treatments available, and (c) the risks, if any, of the procedure or treatment; and (2) that the defendant's failure to explain the foregoing caused plaintiff injury. ORS 677.097; *Arena v. Gingrich*, 305 Or 1, 6-7, 748 P2d 547 (1988). In this case, the trial court erred in concluding that defendant's affidavit was sufficient to establish the absence of a genuine issue of material fact as to the element of causation for two reasons.

■    First, whether a physician's failure to warn of the risks of treatment "causes" a plaintiff's injuries or damages depends on whether the plaintiff would have consented to the treatment had he or she been informed of all the material risks and alternatives. It is a subjective test of causation, and whether an objectively reasonable person would have acted differently is irrelevant. *Arena*, 305 Or at 7. In this case, plaintiff's affidavit established that, had defendant provided an adequate explanation of the risks and alternatives, he would not have taken the drug. Given the subjective nature of causation in informed consent cases, defendant's affidavit that his treatment did not "cause" plaintiff's injuries and damages is beside the point.

Second, and in any event, it is not contested that there is a genuine issue of material fact as to whether defendant did give an adequate assessment of the material risks and alternatives. If the nature of the treatment itself is subject to reasonable dispute, it necessarily follows that a statement that *that treatment* did not cause plaintiff's injuries is insufficient to establish that defendant is entitled to judgment as a matter of law. Defendant's affidavit did not say that, *regardless of whether he informed plaintiff of the risks and side effects of Ansaid*, his treatment did not cause plaintiff's injuries. Instead, the affidavit explicitly assumed that he *did* properly inform plaintiff of the possible consequences of taking the medication and, on that basis, concluded that nothing in his treatment caused plaintiff's injuries. In other words, defendant's conclusion that he did not cause plaintiff's injuries is predicated on acceptance of his version of disputed facts as to the nature of the treatment. To accept that conclusion is contrary to the standard for deciding summary judgment motions. ORCP 47 C; *Jones*, 325 Or at 413. The trial court erred in allowing defendant's summary judgment motion.

Reversed and remanded.