Argued and submitted June 15, affirmed August 5, petition for review denied December 1, 1998 (328 Or 115)

G. Keith SMITH,
*Appellant,*

*v.*

GUARD PUBLISHING, INC.,
an Oregon corporation,
dba The Register Guard,
*Respondent.*

(16-96-04003; CA A96969)

963 P2d 115

David C. Force argued the cause and filed the briefs for appellant.

Linda J. Kessel argued the cause for respondent. With her on the brief were William F. Gary and Harrang Long Gary Rudnick P.C.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Plaintiff appeals the trial court's summary judgment for defendant regarding defendant's alleged violations of the Family Medical Leave Act (FMLA). We review summary judgment proceedings to decide whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). In so doing, we scrutinize the evidence, and all reasonable inferences that may be drawn from it, in the light most favorable to the party opposing the motion. *Id.* We affirm.

Under the FMLA, 29 USC § 12601 *et seq.*, eligible employees are entitled to 12 weeks of annual leave from their jobs when serious health conditions leave them unable to work. On their return, employers must restore employees to their former positions, or to jobs that offer equivalent pay, benefits, and conditions of employment. According to FMLA regulations, however, if employees remain unable to return to work after 12 weeks because they cannot to perform an essential element of their former jobs, they have no right to reinstatement in another position. 29 CFR § 825.214.

In this case, plaintiff left work and reported his illness to defendant at the end of January 1995. Two weeks later, defendant placed plaintiff on FMLA leave retroactive to January 30, 1995. Plaintiff remained too sick to work after his 12 weeks of FMLA leave, and was terminated by defendant. The month before, plaintiff was evaluated by his attending physician and found to be totally disabled.

Plaintiff argues that he was fired in retaliation for using his FMLA leave. Plaintiff's appeal, however, identifies no evidence in the record to support this allegation. Nothing in the FMLA requires an employer to retain an employee after his leave terminates, when that employee is unable to work. Alternatively, plaintiff argues that by retroactively designating plaintiff's absence as FMLA leave, defendant

violated the statute. Though current regulations do prohibit retroactive assignments of FMLA leave, the ones in force at the time of plaintiff's illness did not.[1] *See* 29 CFR § 825.208-(c)(d) (1994). Plaintiff's other arguments do not warrant discussion.

Affirmed.

---

[1] The 1994 version of 29 CFR § 825.208(c) did not prevent employers from designating FMLA leave retroactively. On January 6, 1995, the Federal Register published the amended form of 29 CFR § 825.208(c), which now prohibits employers from making retroactive leave designations. The new rule was scheduled to become effective February 6, 1995, but that date was changed to April 6, 1995, to give the public additional time to implement the regulation. 60 Fed Reg 6658 (February 3, 1995).