Argued and submitted April 24, Westview High School, Portland, affirmed
July 5, 2001

Lisa COLMUS,
*Appellant,*

*v.*

Alexander SERGEEVA
and Xenia Sergeeva,
*Respondents.*

9808-06225; A108043

27 P3d 166

Kathleen O'Brien argued the cause for appellant. With
her on the briefs was Wittrock & O'Brien.

Laura Crain argued the cause for respondents. On the brief were Paul Eberhardt and Smith, Freed, Chock & Eberhardt, P.C.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

In this personal injury action, plaintiff alleged claims of negligence and strict liability arising out of an incident in which a neighbor's dog bit her on the nose. The trial court entered summary judgment on both claims, and we affirm.

Plaintiff and defendants, Xenia and Alexander Sergeeva, are next-door neighbors. Defendants owned a German shepherd, which they kept in the back yard. The yard is enclosed by a 42-inch-high fence. Defendants' driveway borders plaintiff's property. The driveway is gated with a chain link fence. Posted on the fence was a "Beware of Dog" sign. In addition, the county had posted a notice that stated: "WARNING! Potentially Dangerous Dog on the Premises."

Plaintiff had what she characterizes as a "regular and consistent" relationship with the dog. It was her habit to talk to him each morning and to greet him upon her return from work each afternoon. Sometimes she would greet the dog by walking onto defendants' driveway, and sometimes she would simply pet him through or over the fence from her own property.[1] When she walked onto defendants' driveway, she would have been visible from the kitchen window of defendants' home.

On some occasions, plaintiff brought the dog food and water in plastic containers. When she did so, sometimes she walked onto defendants' property, and sometimes she did not. On one occasion, during the summer of 1997, plaintiff told defendants that she had entered their property to feed the dog.

Defendant Xenia Sergeeva stayed home much of the time to care for her baby, but she left home to shop and take

---

[1] In her deposition, plaintiff testified that "a lot of times I would be on my own property and be petting him, not necessarily going onto [defendants'] property." When questioned whether she would go onto defendants' property, plaintiff replied, "Yeah, off and on." In her affidavit, plaintiff stated that "sometimes I would walk onto defendants' property and sometimes I would be on my own property." There is no further evidence of the frequency with which plaintiff entered defendants' property.

care of other errands. She never saw plaintiff walk onto her property to pet the dog.

On July 4, 1998, defendants left their home with the dog leashed in the back yard. When other persons in the neighborhood began setting off fireworks, the dog became agitated. Plaintiff heard the dog, walked onto defendants' driveway, and attempted to comfort the animal. She reached over the fence, cradled the dog in her arms, and scratched him behind the ear. A loud firecracker suddenly exploded, and the dog "lashed out" at plaintiff and bit off the end of her nose.

Plaintiff initiated this action, alleging claims of negligence and strict liability. As to the negligence claim, plaintiff alleged that defendants were negligent in leaving the dog unattended and in failing to warn her that the dog was potentially dangerous. As to the strict liability claim, plaintiff alleged that defendants had reason to know of the dog's dangerous propensities and should be held strictly liable for the injuries that resulted. Defendants answered and alleged, among other things, an affirmative defense of trespass.

Defendants moved for summary judgment on their affirmative defense of trespass. They argued that the undisputed facts demonstrated that plaintiff's injuries resulted from her entry onto their property without a privilege to do so and that a landowner's sole duty to such a trespasser is to refrain from willful or wanton injury. Plaintiff responded that she had implied consent to enter the property, based on the fact that she had previously entered onto defendants' property without objection. Defendants replied that they were unaware of plaintiff's entries on all but the one occasion a year before the accident. The trial court concluded that there was an absence of evidence from which it reasonably could be inferred that defendants were aware of, and implicitly consented to, plaintiff's repeated entry onto their property to pet the dog.

On appeal, plaintiff's principal contention is that the trial court erred in concluding that there was no evidence from which a reasonable trier of fact could find that defendants were aware of her previous entry onto their property.

According to plaintiff, the evidence from which such an inference reasonably may be drawn is (1) plaintiff's previous entries; (2) that the entries were capable of observation from at least one of the windows of defendants' house; (3) that, on some occasions, plaintiff left plastic containers behind; and (4) that on one occasion, in 1998, plaintiff told defendants that she had fed the dog.

We will affirm the entry of summary judgment if the record, taken in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997).

■  A landowner is subject to limited liability to trespassers for injuries that occur on the landowner's property. As we explained in *Denton v. L.W. Vail Co.*, 23 Or App 28, 35, 541 P2d 511 (1975):

> " '[O]ne entering or remaining on premises in the possession of another without a privilege to do so may hold the possessor liable for an injury suffered while on the premises only where that injury has been inflicted "wilfully or wantonly." ' "

(Quoting *Baker v. State Bd. of Higher Ed.*, 20 Or App 277, 288, 531 P2d 716, *rev den* (1975).)

■  The question in this case is whether plaintiff was privileged to be on defendants' premises. She contends that she was so privileged by virtue of defendants' implied consent. Consent may constitute a privilege to trespass if there is evidence of actual willingness on the part of the landowner to have the trespasser engage in the particular type of entry. *Hager v. Tire Recyclers, Inc.*, 136 Or App 439, 443, 901 P2d 948 (1995). Such actual willingness may be inferred from the landowner's inaction in the face of prior entry, but only if the owner has actual knowledge of the trespasser's intention to enter. *Id.*

■  In this case, there is a complete absence of evidence of defendants' consent to plaintiff's trespass. Defendants testified that they never consented to plaintiff's entry onto their property. They further testified that, with the one exception a

year before the injury, they had no knowledge of plaintiff ever entering onto their driveway to pet their dog. That testimony is unrebutted. Plaintiff's only argument—that we can draw contrary inferences from the facts—is untenable. The facts on which she relies simply will not support the inferences she desires.

At best, viewing the facts in the light most favorable to plaintiff, they would support an inference that *if* defendants had been home on one of the occasions in which plaintiff walked on their driveway, and *if* they had been in the living room at that precise time, and *if* the curtains had been drawn open, and *if* either of them had looked out the window at that moment, they *could* have seen plaintiff. There is, however, no evidence of the frequency with which plaintiff entered defendants' driveway, only that she did it "sometimes." Moreover, there is no evidence that defendants were home when she did so, that they were in the right room at such a time, or that they ever saw her out of the kitchen window. There is evidence that plaintiff left plastic feeding dishes on defendants' property, but there is no evidence that defendants ever found the dishes, much less that they knew where they came from. Finally, there is evidence that, on one occasion, plaintiff informed defendants that she had entered the property to feed the dog. That incident occurred a year earlier, however, and there is no evidence that plaintiff told defendants that she intended ever to do so again.

Plaintiff argues that, even if there is no evidence of consent, her trespass should be considered privileged because she acted out of neighborly concern for the dog. Plaintiff cites no case in support of such a rule of law, and we are aware of none. We reject the argument without further discussion.

Plaintiff advances other arguments in support of reversal, but we reject those without discussion.

Affirmed.