Argued and submitted October 19, 2017; reversed and remanded as to claims against Artisan and Truckers Casualty Company, otherwise affirmed March 25, 2020

RAM EXPRESS, LLC,
*Plaintiff-Appellant,*

*v.*

PROGRESSIVE COMMERCIAL CASUALTY COMPANY,
an Ohio Business corporation and
Artisan and Truckers Casualty Company,
a Wisconsin Business corporation,
*Defendants-Respondents.*

Multnomah County Circuit Court
15CV11024; A162625

463 P3d 532

In this first-party insurance dispute, plaintiff, Ram Express, LLC, sought coverage for fire damage to a 2013 Volvo truck based on its commercial insurance policy. Defendant Artisan and Truckers Casualty Company moved for summary judgment and argued that plaintiff could not show that it notified Artisan within 30 days after it acquired the truck, as was required to obtain coverage for the truck. The trial court granted summary judgment for defendant. On appeal, plaintiff asserts that the evidence regarding its acquisition of the truck at least raised a question of fact regarding whether the truck was covered under the policy and that defendant presented no evidence to support its opposition to plaintiff's motion for summary judgment on defendant's additional policy defenses. *Held*: The trial court erred in granting summary judgment for defendant. Even accepting, for the sake of argument, defendant's premise that, under some circumstances, it may be possible to acquire a vehicle without owning it, these circumstances do not require that conclusion. Applying the bundle-of-sticks metaphor to property rights in a vehicle, the Court of Appeals cannot conclude, as a matter of law, that plaintiff had enough sticks to "acquire" the truck more than 30 days before it notified defendant. Therefore, the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded as to claims against Artisan and Truckers Casualty Company; otherwise affirmed.

Bruce C. Hamlin, Judge pro tempore.

Douglas Bragg argued the cause for appellant. Also on the briefs were Fred Millard and Millard & Bragg.

Hilary A. Boyd argued the cause for respondents. Also on the brief was Lehner & Rodrigues, PC.

Before Ortega, Presiding Judge, and Powers, Judge, and Mooney, Judge.*

POWERS, J.

Reversed and remanded as to claims against Artisan and Truckers Casualty Company; otherwise affirmed.

_____

* Mooney, J., *vice* Garrett, J. pro tempore.

**POWERS, J.**

In this first-party insurance dispute, plaintiff, Ram Express, LLC, brought claims against Progressive Commercial Casualty Company and Artisan and Truckers Casualty Company (defendant), seeking coverage for fire damage to a 2013 Volvo truck based on plaintiff's commercial insurance policy.[1] Defendant moved for summary judgment, contending that plaintiff could not show that it notified its insurer within 30 days after it acquired the truck, as was required to obtain coverage for the truck under its policy. The trial court granted summary judgment for defendant. On appeal, plaintiff asserts that the evidence regarding its acquisition of the truck at least raised a question of fact regarding whether the truck was covered under the policy and that defendant presented no evidence to support its opposition to plaintiff's motion for summary judgment on defendant's additional policy defenses.[2] We agree on both points and, accordingly, reverse and remand.

We view the facts in the record on summary judgment in the light most favorable to the nonmoving party, here, plaintiff. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). Plaintiff is a trucking company solely owned and operated by Viktor Onofreychuk. Plaintiff held a Progressive commercial auto policy, underwritten by Artisan and Truckers Casualty Company, that covered all of its vehicles from January 31, 2014, through January 31, 2015. The policy defined "you" as "Ram Express LLC." The policy also defines an "insured auto" to include:

---

[1] The trial court granted partial summary judgment for plaintiff on the value of the truck, and that ruling is not at issue on appeal. The court also determined that Progressive Commercial Casualty Company was not a party to the policy and dismissed plaintiff's claims against it for that reason. Plaintiff does not challenge that ruling on appeal. Consequently, we affirm both of those rulings. Although both insurance companies appear on appeal, we refer only to Artisan and Truckers Casualty Company as defendant throughout this opinion.

[2] Plaintiff challenges both the court's grant of defendant's motion for summary judgment and the court's denial of plaintiff's motion for summary judgment. We reject plaintiff's challenge to the denial of its motion for summary judgment without discussion. Likewise, we reject without discussion plaintiff's third and fourth assignments of error challenging the denial of its motion for summary judgment on defendant's defenses of misrepresentation and failure to cooperate.

"a.   Any auto specifically described on the declarations page; or

"b.   An additional auto for \*\*\* Part II - Damage To Your Auto on the date you become the owner if:

"(i)   you acquire the auto during the policy period shown on the declarations page;

"(ii)   we insure all autos owned by you that are used in your business;

"(iii)   no other insurance policy provides coverage for that auto; and

"(iv)   you tell us within 30 days after you acquire it that you want us to cover it for that coverage."

(Boldface omitted.)

The parties' dispute turns on subsection (b)(iv) of that definition. The parties agree that plaintiff notified defendant that it wanted coverage for the truck on June 18, 2014. Plaintiff contends that it acquired the truck on June 17, 2014, the day before it notified defendants. Defendant argues that, as a matter of law, plaintiff acquired the truck more than 30 days before June 18.

The relevant events took place in the spring of 2014, and they involve Onofreychuk's two businesses: plaintiff, which, as noted above, is a trucking company, and Prestine Motors, Inc., an auto dealer. Onofreychuk runs both businesses; neither one has any employees, though plaintiff contracts with "owner operators" who drive for it.[3]

On February 6, Prestine won the truck at issue at a salvage auction with a bid of $26,200. On March 24, the truck was paid for with a check drawn on Prestine's account. Although Onofreychuk testified that the money for

---

[3] The summary judgment record consists mostly, though not entirely, of statements by Onofreychuk, and many of those statements are less than perfectly clear. As plaintiff points out, Onofreychuk testified that English is not his first language. None of Onofreychuk's statements related to the issues discussed in this opinion are "clearly inconsistent," such that they should be disregarded. *Knepper v. Brown*, 182 Or App 597, 611, 50 P3d 1209 (2002) (internal quotation marks omitted). Because, as noted in the text, on review of summary judgment, we view the evidence in the light most favorable to the nonmoving party—here, plaintiff—we recite the facts as a rational trier of fact could find them by understanding Onofreychuk's statements in the light most favorable to plaintiff.

that purchase came from plaintiff, he explained that, after Prestine bought the truck at the auction, Prestine owned it. While Prestine owned the truck, Onofreychuk fixed it on Prestine's behalf.

Prestine, acting through Onofreychuk, had the truck towed to a Volvo dealer. The purpose was for plaintiff to "check out" the truck before buying it and "putting it on the road"; that is plaintiff's regular practice before buying a truck. The invoice from the Volvo dealer lists plaintiff as the customer. On June 16, Onofreychuk, acting for plaintiff, drove the truck from the Volvo dealer to plaintiff's lot.

On June 17, plaintiff and Prestine completed a "purchase order" for the truck. That document included a "disclaimer of warranty agreement" stating that plaintiff purchased the truck "'AS IS' without any warranty, either expressed or implied." It stated the sale price as $110,000. Onofreychuk signed the purchase order both on behalf of Prestine and on behalf of plaintiff. The same day, Onofreychuk completed a State of Oregon Secure Odometer Disclosure/Reassignment form for the truck. He signed on behalf of both Prestine, as seller, and plaintiff, as buyer.

Onofreychuk testified that plaintiff paid the sale price of the truck to Prestine over time, rather than in a single payment. He stated that, when Prestine needed to buy something, he would put money from plaintiff's account into Prestine's account.[4] He did not know exactly when plaintiff's payments to Prestine began, but he agreed that plaintiff "had fully paid the [$110,000]" by June 17. However, plaintiff also produced some checks from after June 17 that suggested that plaintiff had paid part of that amount after June 17. From the time Prestine purchased the truck until June 17, plaintiff did not use the truck; as noted above, it belonged to Prestine, which was repairing it.

On June 18, a fire destroyed the truck in plaintiff's lot. Later the same day, Onofreychuk called defendant and made a claim for the loss of the truck. In the course of doing

---

[4] The testimony on that point is not entirely clear; it is also possible that Onofreychuk was explaining that plaintiff paid for Prestine's purchases directly or that it used a combination of those two methods.

that, he explained that plaintiff had purchased the truck on June 17.

Defendant denied plaintiff's insurance claim and, in response, plaintiff filed a complaint alleging breach of contract and breach of the implied covenant of good faith and fair dealing. As explained above, defendant moved for summary judgment, and the court granted summary judgment and dismissed plaintiff's claims.

On review of a motion for summary judgment, we examine the record to determine whether the trial court correctly determined that, in accordance with ORCP 47 C, there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Bresee Homes, Inc. v. Farmers Ins. Exchange*, 353 Or 112, 114, 293 P3d 1036 (2012). As we do on appeal, the trial court must view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the nonmoving party, here, plaintiff. *TriMet v. Amalgamated Transit Union Local 757*, 362 Or 484, 491, 412 P3d 162 (2018).

We begin by considering plaintiff's contention that the trial court erred in granting summary judgment to defendant because the evidence raises a question of fact about whether the truck was covered under the policy. In an insurance coverage dispute, the insured has the burden to prove coverage, and the insurer has the burden to prove an exclusion from coverage. *FountainCourt Homeowners v. FountainCourt Develop.*, 360 Or 341, 360, 380 P3d 916 (2016) (citation omitted). Under ORCP 47 C, a party opposing a motion for summary judgment has the burden of producing evidence on any issue raised in that motion on which the party would also have the burden of persuasion at trial. *Two Two v. Fujitec America, Inc.*, 355 Or 319, 324, 325 P3d 707 (2014). Accordingly, here, plaintiff bore the burden of producing evidence sufficient to create a question of fact on whether plaintiff acquired the truck within the 30 days before June 18, 2014. As we understand it, the trial court concluded that plaintiff failed to show that it acquired the truck within the 30 days before June 18 because it did not present documentation of exactly how much it paid to Prestine and when its payments were made.

That reasoning was incorrect. Evidence of the timing of payment certainly can be relevant to a determination of when ownership of a vehicle is transferred. Payment alone, however, does not determine ownership. *See Farmers Ins. Exchange v. Crutchfield*, 200 Or App 146, 158, 113 P3d 972, *rev den*, 339 Or 609 (2005) (agreeing with the explanation that, "[w]hen [the defendant] drove off in the pickup, he owned it" although he had not yet completely performed his obligations under the sales contract, because "[h]e had possession of it and a legal right to it"). Here, evidence other than the timing of plaintiff's payment for the truck allows a finding that plaintiff had no legal right to the truck until the purchase order was signed on June 17. Regardless of when plaintiff's payments were made—and even regardless of whether they were made at all—the record allows an inference that plaintiff bought the truck on June 17, when it first had possession plus a legal right to the truck.

Defendant contends that, even if plaintiff bought the truck on June 17, it acquired it earlier because we should interpret the term "acquire" in the policy to mean something broader than ownership. Defendant asserts that a party acquires an item by coming into possession of it and "get[ting it] as one's own"; acquiring requires "a right to exclude others from possession *like* ownership, but falls short of ownership." (Emphasis in defendant's brief.) That is, in defendant's view, to acquire a vehicle, the acquirer must obtain some of the bundle of sticks that constitute property rights, but fewer sticks than are necessary to become the owner.[5]

Even accepting, for the sake of argument, defendant's premise that, under some circumstances, it may be possible to acquire a vehicle without owning it, these circumstances do not require that conclusion. Defendant relies on its proposed meaning of "acquire" to argue that plaintiff had rights to the truck, and thus acquired it, before June 17 because Onofreychuk owned and controlled both Prestine

---

[5] *See Bedortha v. Sunridge Land Co., Inc.*, 312 Or 307, 311, 822 P2d 694 (1991) ("Because the ownership of real property is divisible in so many ways, a real property owner often is described as holding a 'bundle of sticks.'"); *Reed v. Toyota Motor Credit Corp.*, 301 Or App 825, 832, 459 P3d 253 (2020) (applying the bundle-of-sticks metaphor to property rights in a vehicle).

and plaintiff. That is, defendant's view is that plaintiff acquired the truck when Prestine bought it because, in practical terms, Onofreychuk controlled the truck and he also controlled plaintiff.

The problem with that argument is that, even if the record requires the conclusion that Onofreychuk and Prestine had rights in the truck, that conclusion requires no particular finding about plaintiff's rights. As noted above, the policy defines "you" as "Ram Express LLC." The policy recognizes plaintiff as a corporate entity; that corporate entity, not Onofreychuk or Prestine, is the insured. Thus, regardless of exactly how many of the bundle of sticks it takes to "acquire" a vehicle, the policy requires plaintiff, not Onofreychuk or Prestine, to have those sticks. However, defendant does not explain, and we do not perceive, why the record requires a finding that plaintiff, as opposed to Onofreychuk or Prestine, had any of those sticks before June 17. Consequently, we cannot conclude that, as a matter of law, plaintiff had enough sticks to "acquire" the truck before June 17.

Defendant also argues that Onofreychuk's conduct justifies piercing the corporate veil to consider plaintiff, Prestine, and Onofreychuk to be a single entity and thereby excuse defendant from paying plaintiff's claim. We reject that argument because, among other deficiencies, the necessary analysis is entirely fact dependent and, consequently, summary judgment on piercing the corporate veil is rarely, if ever, appropriate. *See State ex rel Neidig v. Superior National Ins. Co.*, 343 Or 434, 455, 137 P3d 123 (2007) ("[E]ach part of the test [for piercing the corporate veil to require a shareholder to pay a corporation's debts]—control, wrongful conduct, and causation—can present close legal and factual questions that must be considered in reaching the ultimate equitable determination as to whether the corporate veil can be pierced."). It is certainly not appropriate in this case. In sum, the trial court erred in granting summary judgment for defendant.

Finally, we turn to plaintiff's fifth assignment of error that challenges the trial court's denial of its motion for summary judgment on defendant's additional policy

defenses. Plaintiff asserts that defendant presented no evidence to support any additional policy defenses, and defendant concedes that it did not. Accordingly, the trial court erred in denying plaintiff's motion for summary judgment on those defenses.

Reversed and remanded as to claims against Artisan and Truckers Casualty Company; otherwise affirmed.