Argued and submitted May 6, at Pendleton, Oregon, reversed and remanded on appeal;
cross-appeal dismissed as moot August 3, 1988

**LOUDERMILK et ux,**
*Respondents - Cross-Appellants,*

*v.*

**HART et ux,**
*Appellants - Cross-Respondents.*

(86-7-30696; CA A45018)

758 P2d 397

Bruce E. Anderson, La Grande, argued the cause and filed the briefs for appellants - cross-respondents.

Phillip A. Mendiguren, La Grande, argued the cause and filed the brief for respondents - cross-appellants.

Before Warden, Presiding Judge, and Graber, Judge, and Riggs, Judge pro tempore.

WARDEN, P. J.

### WARDEN, P. J.

Defendants appeal a judgment foreclosing their contract vendee's interest in an apartment house in LaGrande. Because we hold that the trial court incorrectly granted plaintiffs' motion for summary judgment, we reverse.[1]

The apartment building was partially burned in November, 1984, and defendants ultimately received $93,000 in insurance proceeds. The land sale contract required that defendants "apply all insurance proceeds either to replace such loss or as a principal payment on the deferred balance of the purchase price" within six months of the fire. On July 29, 1986, plaintiffs filed this action to foreclose defendants' interest under the contract, on the ground that defendants had not applied the insurance proceeds as the contract required.

On April 9, 1987, plaintiffs moved for summary judgment. That defendants had not responded to requests for admissions, which plaintiffs had filed on November 12, 1986, was taken by plaintiffs as admissions and was essential to their argument that there were no genuine issues of material fact. The requests were served on a lawyer whom they believed to be defendants' attorney.[2] On November 13, 1986, the lawyer filed an appearance on behalf of defendants but withdrew from representing them shortly before plaintiffs filed the summary judgment motion. In response to the motion, defendants filed an affidavit from the attorney in which he swore that his office had received the requests for admissions before plaintiffs had retained him and that he had drawn this fact to the attention of plaintiffs' attorney when he received the requests. Plaintiffs responded to the affidavit with affidavits tending to show, in part from court records, that defendants retained the attorney on November 12, that he appeared on November 13, and that, because the requests for admission were mailed on November 12, his office could not have received them before November 13.

ORCP 45A provides that "a party may *serve* upon any other party a request for the admission by the latter of the

---

[1] Because of our holding on the summary judgment issue, we need not consider defendants' other assignments.

[2] Another lawyer who had been representing defendants had withdrawn two weeks previously.

truth of relevant matters" at any time after the commencement of the action. (Emphasis supplied.) ORCP 9B provides that, whenever under the rules service on a party is required or permitted, *"and that party is represented by an attorney,* the service shall be made upon the attorney * * *." (Emphasis supplied.) Thus, for service on an attorney to be effective service on a party, the attorney must represent the party *at the time of the service.* The attorney who was served expressly denied that he represented defendants when he received the requests for admission. Although the contrary evidence plaintiffs presented is strong, on a motion for summary judgment the court cannot weigh the evidence; it can grant the motion only if it determines that there are no genuine issues of material fact. ORCP 47C. Because of plaintiffs' reliance on defendants' failure to respond to their requests for admission, plaintiffs are not entitled to summary judgment, unless those requests are deemed admitted. ORCP 45B. They cannot be deemed admitted if they were never served. The attorney's affidavit is, therefore, sufficient to raise a genuine issue of material fact, and the court erred by granting the motion.

The court obviously, and understandably, questioned the accuracy of the attorney's affidavit.[3] In doing so, however, it weighed the evidence. Its suggestion that the attorney might have given further testimony at the summary judgment hearing—despite the requirement that the motion be decided on the basis of the "pleadings, depositions, and admissions on file, together with the affidavits, if any," ORCP 47C—indicates that that is what it did. That, however, is not the court's function when ruling on a motion for summary judgment, no

---

[3] The court explained:

"I looked at [the attorney's] affidavit prior to ruling, and I was very perturbed. And I'm not going to go into the record saying things in front of you that I did not say in front of [the attorney]. [The attorney] was here at this hearing that Mr. Hart appeared at alone—alone. [The attorney] made no offer to testify in addition to his affidavit. Mr. Hart did not call him. I do think if that becomes an appellate issue, the file will speak for itself. I was very perturbed at the very in—in [the attorney's] affidavit and documents in the file indicating when [the attorney] had certain documents. But, that record—if that becomes an appellate issue, Mr. Anderson, I feel the file itself will answer the discrepancy between [the attorney's] affidavit and, as I say, documents previously filed. So, in that sense it was—it was not totally necessary to call [the attorney] because it—perhaps it was just as well he wasn't called and had to ex—having been placed in a position under oath to explain what he put in his affidavit and what the file, I think, in reality revealed. So, let's not deal with [the attorney's] issue."

matter how clear the result may seem to be. Weighing must await the trial. Because the court found for plaintiffs on a matter which would otherwise raise a genuine issue of material fact, we must reverse the judgment.[4]

Reversed and remanded on appeal; cross-appeal dismissed as moot.

---

[4] Plaintiffs' cross-appeal, in which they attack the court's failure to award them attorney fees, is moot because of our reversal of the judgment in their favor.