508

Argued and submitted December 7, 1998, reversed and remanded in part; otherwise affirmed December 22, 1999

Kurt HEINER
and Cheryl Heiner,
husband and wife,
*Respondents,*

*v.*

Mary Elizabeth PORTER,
individually,
*Defendant-Appellant,*

*and*

Mary Elizabeth PORTER,
Personal Representative of the Estate of
Daniel Robert Porter, Deceased;
and Dan Porter Log Homes, Inc.,
an Oregon corporation,
*Defendants.*

(9405091CV; CA A97974)

994 P2d 1199

George W. Kelly argued the cause and filed the briefs for appellant.

Timothy Bennett argued the cause for respondents. With him on the brief were Thomas W. Brown, Wendy N. Margolis, Moore & Associates and Cosgrave, Vergeer & Kester.

Before Edmonds,* Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

---

* Edmonds, P. J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Defendant Mary Elizabeth Porter (defendant) appeals from a judgment holding her liable for damages that plaintiffs sustained as the result of breaches of a contract by which Dan Porter, defendant's husband (Dan),[1] agreed to build a log home for plaintiffs. Defendant was not a party to the contract. The issue on appeal is whether the trial court correctly held, on plaintiffs' motion for summary judgment, that defendant is liable because she was Dan's partner in the business. We conclude that the record before the trial court did not support its grant of summary judgment and therefore reverse as to defendant.

Because the assignments of error relate to the grant of plaintiffs' motion for summary judgment, we state the facts most favorably to defendant, the nonmoving party.[2] ORCP 47; *Jones v. General Motors Corp.*, 325 Or 404, 939 P2d 608 (1997). The decisive issue on appeal is whether defendant failed to answer plaintiffs' requests for admission within the time that the rules allow and in the way that the rules require. The trial court ruled that defendant had failed to do so and that she therefore had admitted all of the requested admissions. It relied on those admissions in holding defendant liable as Dan's partner; the parties agree that the evidence does not support summary judgment in the absence of the admissions. We therefore discuss the procedural history of the case in some detail to determine whether the trial court's ruling on the requests was correct.

Plaintiffs filed the original complaint, which stated a claim only against Dan, in December 1994. They filed their first amended complaint in July 1995, about one month after

---

[1] Dan died after plaintiffs filed this case, and defendant, in her capacity as personal representative of his estate, was substituted as a defendant. Defendant does not challenge the trial court's ruling on summary judgment that the estate and Dan Porter Log Homes, Inc., a corporation that Dan formed after entering into the contract with plaintiffs, are liable for breaching the contract, nor does she challenge the judgment against them.

[2] After the court ruled on the motion for summary judgment that all defendants were liable to plaintiffs, there was a jury trial on the issue of damages. This appeal is from the judgment that the court entered after that trial.

Dan's death, adding defendant and the personal representative of Dan's estate as defendants. They did not allege any facts that would make defendant liable in her individual capacity. Defendants filed a second amended complaint in December 1995. The only ground alleged in that complaint for holding defendant individually liable was that the contract between plaintiffs and Dan provided that it was binding on Dan's heirs and assigns. Plaintiffs do not pursue that position on appeal.

On April 22, 1996, plaintiffs served defendant's attorney with requests for admission by facsimile transmission and hand delivery. They also sent a copy of the requests, including a certificate of service on defendant, to the court, which filed it on April 23. In a later affidavit, defendant's attorney stated that he received defendant's handwritten answers to the requests on May 15 and transmitted a copy of them to plaintiffs' attorney the same day.[3] He did not file the answers with the court. Plaintiffs' attorney apparently did not receive the answers within the 30 days that ORCP 45 B requires. In the summer of 1996, plaintiffs' attorney sent defendant's attorney a proposed third amended complaint that included allegations that defendant was liable because she was Dan's partner in the business at the time of the contract. That was the first complaint to contain such allegations. Plaintiffs did not file that third amended complaint until shortly before trial, well after the court had ruled on the motion for summary judgment.

On September 27, 1996, plaintiffs filed a motion for summary judgment as to all defendants on the issue of liability. In their arguments in support of the motion, they focused on the merits of their claims and did not suggest any ground for holding defendant liable for Dan's actions. They did not attach the requests for admission to the motion or otherwise

---

[3] Plaintiffs argue that the trial court implicitly determined that defendant's attorney did not serve the answers within 30 days and that that determination is a finding of fact that is controlling on us. Summary judgment, however, is not a time for the court to make factual determinations, even of matters that would be for it instead of the jury to decide at trial. *See* OEC 104(1) (preliminary questions concerning the admissibility of evidence are for the court). Rather, the court can grant a motion for summary judgment *only* if there are no genuine issues of material fact. ORCP 47 C; *see Loudermilk v. Hart*, 92 Or App 293, 296, 758 P2d 397 (1988).

refer to them. Defendant filed her affidavit in response on October 16. In it, defendant pointed out the lack of evidence in the record to hold her personally liable and stated that she had never been Dan's partner in the business. In their reply, filed on October 24, plaintiffs for the first time argued that defendant was Dan's partner. In support, they relied, also for the first time, on the requests for admission and on their assertion that defendant had failed to respond to them within the allotted time and that they were therefore deemed admitted.

Finally, defendant responded to plaintiffs' reply on October 28, the day set for the hearing on the motion. That response included an affidavit from defendant's attorney in which he stated that his file indicated that he had sent the requests for admission to defendant on April 25. "The file further reflects that Betsy Porter's hand-written responses were received by this office and in turn transmitted to [plaintiffs' attorney] on May 15; 1996." The attorney attached a copy of defendant's answers to his affidavit.

■    ORCP 45 B requires a party to answer or object to requests for admission within 30 days after service; if the party does not do so, the requests will be deemed admitted. Based on this sequence of events and on defendant's attorney's affidavit, we conclude that there is an issue of fact about whether defendant served her answers to plaintiffs' requests within the required period and, hence, whether the requests were admitted. ORCP 9 C required defendant to file the answers with the court within a reasonable period thereafter. Based on this record, the only possible conclusion is that she failed to file them on time. Plaintiffs argue that the record does not support a finding that defendant served her answers on time. They also argue that defendant's failure to comply with ORCP 9 C should have the same effect as a failure to serve the answers—that is, we should deem her to have admitted the requests. We discuss plaintiffs' arguments in turn.[4]

---

[4] Because we conclude that the trial court erred in deeming the requested admissions to have been admitted, we do not need to consider whether it correctly treated the second amended complaint as amended to conform to the evidence on summary judgment, *see Finney v. Bransom,* 143 Or App 154, 161-65, 924 P2d 319 (1996), *modified* 326 Or 472, 953 P2d 377 (1998), or whether its subsequent

■     Plaintiffs' first argument is that the trial court could not accept defendant's attorney's affidavit, because there is no provision in ORCP 47 for the nonmoving party to file a response to the moving party's reply. They point out that, while the trial court has express authority to modify the times for filing a motion for summary judgment, the nonmoving party's response, and the moving party's reply, nothing in the rule expressly permits the court to allow additional filings, such as a nonmoving party's response to the moving party's reply.

Accepting plaintiffs' position would work a substantial injustice in this case. Plaintiffs ignore that in their reply they made factual assertions that went well beyond those in their original filings in support of their motion and that those new assertions were essential to deciding that motion in their favor. To prohibit defendant from responding to defendants' new position would be to prevent her from presenting her evidence on an essential issue in the case and would require the court to decide that issue on an incomplete and misleading record. Plaintiffs did not refer to the requests for admission until their reply, so defendant had no reason to respond until then. When plaintiffs did rely on the requests, and on defendant's alleged failure to answer them, to remedy a crucial defect that defendant had identified in the original support for their motion, defendant was entitled to an opportunity to respond to plaintiffs' first use of those requests.[5]

■     Plaintiffs next argue that defendant's failure to file her response to the requests with the trial court within a reasonable period after serving them on plaintiffs renders those responses ineffective. They point out that ORCP 9 C requires a party to file with the court, within a reasonable time, all papers that the rules require to be served on another party, except notices of deposition, requests for production, and answers and responses to those things. The question is what effect defendant's failure to comply with the rule has on her answers to the requests for admission, assuming that she

allowance of the third amended complaint cured any error in that regard. We also do not consider the parties' arguments concerning partnership law.

[5] Plaintiffs do not refer to any objection that they made to the trial court's consideration of defendant's attorney's affidavit, nor do they refer to any action of that court excluding it.

properly served them. ORCP 45 provides that a request for admission is admitted

> "unless, within 30 days after service of the request, * * * the party to whom the request is directed *serves* upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney[.]"

(Emphasis added.) Nothing in the rule provides that requests are deemed admitted if the party serves answers in accordance with the rule but then fails to file those answers within a reasonable time. Although the rules require both service and filing, it is only the failure to serve that expressly carries the consequence that plaintiffs seek. In most cases, only the failure to serve will affect the requesting party's substantial rights.

Plaintiffs refer to cases from the federal courts and other states that, they argue, show that those courts, applying similar rules, treat answers to requests for admission that are served but not filed as ineffective and the statements in the requests as deemed admitted. *See, e.g., McLaurin v. Werner*, 909 F Supp 447, 453 (SD Miss 1995); *Chapman v. Foggy*, 59 Ill App 3d 552, 375 NE2d 865, 869 (1978). In some of those cases, including *Chapman*, the party failed to serve the answers as well as to file them. Cases in which the party did serve the answers generally do not adequately consider the extent to which the failure to file the answers prejudiced the other party. As Wright and Miller point out, the result of a failure to file as Federal Rule of Civil Procedure 5(d) requires is generally the entry of an order to compel filing; the entry of a default is exceptional. With a few exceptions that do not apply in this case, serving, not filing, is the critical act that must occur within the required time. Wright & Miller 4A, *Federal Practice and Procedure* § 1152, at 441 (2d ed 1987); *see also Biocore Medical Technologies, Inc. v. Khosrowshahi*, 181 FRD 660, 668 (D Kan 1998) (disqualification of attorney is too harsh a penalty for failure to file subpoenas with court within reasonable time; no prejudice to opposing party from the failure to file).

The significance of filing discovery documents with the court is different from the significance of filing pleadings

and motions. The former are part of the mutual disclosures among the parties involved in preparing for trial and do not directly involve the court. Pleadings and motions, however, frame the issues or ask the court to act. They are thus essential to the court's knowledge of the case in a way that discovery documents are not. On the other hand, service of discovery documents on the other side is essential for the discovery process to function, but filing them is of less importance to the court. The requirements for filing discovery documents vary from court to court, which in itself suggests that courts see proper filing as of secondary importance to proper service. The federal rules, indeed, permit a district court to prohibit the routine filing of discovery documents, including requests for admission and answers, an option that the federal court in Oregon has taken. FRCP 5(d); United States District Court for the District of Oregon, Local Rules 5.1, 36.1. That some courts prohibit filing answers to requests for admission at the least suggests that filing is not so significant that, in the absence of prejudice to the other party, failing to do so should have the same dire consequences as failing to serve the answers.

Although Oregon requires a party to file answers to requests for admission, it also gives less importance to filing discovery documents than to filing pleadings and motions. ORCP 9 D provides that notices of deposition and requests for production are not to be filed. In light of the general treatment of filing discovery documents in other courts, that provision suggests that a failure to file is less important than a failure to serve. That view is consistent with the better federal law on the subject and with the purposes behind the filing requirement. Plaintiffs do not suggest that defendant's failure to file the answers in a reasonable time prejudiced them. That failure, therefore, does not support a decision to deem the requests to be admitted.

■    Plaintiffs next argue that defendant's attorney's affidavit was insufficient as a proof of service, primarily because the attorney stated only that his file reflected that the responses were "transmitted" to plaintiff's attorney and did not state the specific method of transmission.[6] The attorney's

---

[6] The trial court file includes a copy of a letter from defendant's attorney to plaintiff's attorney, dated June 14, 1996, in which the attorney stated that he had

statement is consistent, however, with either hand delivery or mailing. Because the affidavit was attached to the requests, *it meets the physical requirements for a certificate of service. See* ORCP 9 C. For purposes of summary judgment, we must take the affidavit as raising an issue of fact of whether defendant served her answers within the period that ORCP 45 B requires.

The record shows that defendant did not comply with the requirements for filing her answers to the requests for admission. It also shows, however, that, if she in fact served them within the required period—which on this record is an issue of fact—then that failure did not affect plaintiffs' substantial rights. ORCP 12 B requires the court to disregard the procedural defect. *See, e.g., Little Whale Cove Homeowners Assoc. v. Harmon,* 162 Or App 332, 342, 986 P2d 616 (1999) (placing request for attorney fees in prayer rather than body of answer fairly alerted the plaintiff that fees would be sought and the plaintiff was not prejudiced by the defect; under ORCP 12 B court disregarded defect). As a result, the record does not support the grant of summary judgment to plaintiffs holding defendant liable as a partner.

Judgment against defendant Mary Elizabeth Porter reversed and remanded; otherwise affirmed.

---

originally sent the answers by mail and that he was enclosing another copy with the letter.