Debbie KAHN,
*Appellant,*

*v.*

PROVIDENCE HEALTH PLAN,
an Oregon non-profit corporation,
*Respondent.*

(9710-08059; CA A103759)

13 P3d 556

Robert Sola argued the cause for appellant. On the briefs was Hank McCurdy.

Paul R. Duden argued the cause for respondent. With him on the brief was Tooze Duden Creamer Frank & Hutchison.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff initiated this action for negligence and breach of contract against defendant, based on defendant's failure to authorize medical treatment for injuries arising out of plaintiff's employment. The trial court entered summary judgment in favor of defendant on the ground that plaintiff's exclusive remedy lies under the workers' compensation statutes. We agree and affirm.

The relevant facts are not in dispute. Plaintiff worked for Industrial Indemnity, which, in turn, contracted with defendant, a certified managed care organization (MCO), to provide various services related to the administration of Industrial Indemnity's workers' compensation claims. Among other things, defendant provided "service utilization review" decisions, which involve physician review of a worker's proposed medical procedures to determine whether the proposed procedures are necessary.

In the 1970s, plaintiff compensably injured her back. In the mid-1990s, she began experiencing back pain. In December 1996, her treating physician proposed that she undergo back surgery. In January 1997, defendant performed a service utilization review of the proposed surgery and determined that it was not medically necessary. Several months later, Industrial Indemnity approved the surgery anyway.

Plaintiff then initiated this action against defendant for negligence and breach of contract, claiming damages for the pain and suffering that she endured from the time of defendant's service utilization review until the surgery was completed. Defendant moved for summary judgment on the ground that, among other things, under ORS 656.260, plaintiff's sole remedy was review by the Director of the Department of Consumer and Business Services (DCBS). The trial court agreed and entered summary judgment dismissing plaintiff's claims. On appeal, plaintiff argues that the trial court erred in entering summary judgment for defendant. According to plaintiff, ORS 656.260 does not require that her claims be heard exclusively by the director of DCBS.

We review the trial court's entry of summary judgment to determine whether there is a genuine issue of material fact and whether the moving party has demonstrated that it is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 407, 939 P2d 608 (1997).

ORS 656.260(6) provides, in part:

"Any issue concerning the provision of medical services to injured workers subject to a managed care contract and service utilization review * * * shall be subject solely to review by the director or the director's designated representatives, or as otherwise provided in this section."

Defendant argues, and the trial court held, that, because plaintiff's complaint challenges defendant's service utilization review decision, the sole remedy under the statute is review by the director or one of his or her designated representatives. Plaintiff argues that she is not seeking review of the service utilization review decision, but is instead seeking damages for negligence and breach of contract, which the director is not authorized to award. In any event, she argues, the statute does not limit review to the director but permits her to seek such remedies as are "otherwise provided in this section." According to plaintiff, other subsections of the statute implicitly recognize the possibility of civil actions concerning service utilization review decisions.

■      Plaintiff's initial argument is easily refuted. Both of her claims depend on whether defendant's decision not to approve the proposed surgery was correct; if defendant correctly disapproved the surgery, she cannot prevail. The statute plainly states that the review of the correctness of a managed care provider's service utilization review decision is "solely" as provided in the statute. The only issue, therefore, is whether the statute itself provides for review other than by the director.

■      The text of the statute declares that review of service utilization review decisions "shall be subject solely to review by the director or the director's designated representatives, or as otherwise provided in this section." ORS 656.260(6). Nowhere does the section "otherwise provide[ ]" for direct

review of service utilization review decisions by means of a civil action in court, however. What is "otherwise provided" in ORS 656.260 is a process for obtaining judicial review *of the director's decision.*

Under ORS 656.260(14), if a worker is dissatisfied with an MCO's service utilization review decision, he or she "must first apply to the director for administrative review of the matter." ORS 656.260(15) then requires that, when the director reviews a service utilization review decision or similar medical services decision, there must be prepared "a documentary record sufficient for judicial review." That section further declares that the director's initial decision is "not subject to further review" unless a request for a hearing is filed within a specified number of days of that decision. *Id.* ORS 656.260(16) then provides for a contested case hearing on that documentary record and for review of the resulting decision under the judicial review provisions of the Administrative Procedures Act (APA), ORS 183.310 to ORS 183.550. In addition, ORS 656.260(17) provides that decisions of a managed care organization other than service utilization review, peer review, or quality assurance activities may be subject to a contested case hearing before the director upon request and that the director's decision is subject to review by this court, as provided in the APA.

■    There is mention of civil proceedings in three subsections of the statute, but in a very limited way. Under ORS 656.260(7):

> "No data generated by service utilization review, quality assurance, dispute resolution or peer review activities and no physician profiles or data used to create physician profiles pursuant to this section or the director's review thereof shall be used in any action, suit or proceeding except to the extent considered necessary by the director * * *."

That section merely guarantees the confidentiality of information generated in the administrative review process. It does not authorize review of the service utilization review decision by means of a civil action.

■        Similarly, ORS 656.260(8) provides:

"A person participating in service utilization review, quality assurance, dispute resolution or peer review activities pursuant to this section shall not be examined as to any communication made in the course of such activities or the findings thereof, nor shall any person be subject to an action for civil damages for affirmative actions taken or statements made in good faith."

Once again, that section does not authorize a civil action for review of a service utilization review decision. It assures the confidentiality of the administrative review process and, indeed, prohibits actions for civil damages arising out of statements that any person makes in the course of that administrative review process.

■        Finally, ORS 656.260(9) similarly provides, in part:

"No person who participates in forming consortiums, collectively negotiating fees or otherwise solicits or enters into contracts in a good faith effort to provide medical or health care services according to the provisions of this section shall be examined or subject to administrative or civil liability regarding any such participation except pursuant to the director's active supervision of such activities and the managed care organization."

That section, like the two preceding it, does not authorize the initiation of a civil action for damages arising out of a service utilization review decision. Instead, it prohibits participants in the MCO review process from being subject to administrative or civil liability, except as expressly permitted by the director.

None of the three subsections that mention civil actions can be read fairly to "otherwise provide[ ]" for review of a service utilization review decision by means of a civil action for damages. ORS 656.260(6) clearly states that such decisions "shall be subject to review solely" by the director, the director's designee, or the courts as provided in the APA. We therefore conclude that plaintiff's remedy lies exclusively under the workers' compensation statutes and that the trial

court did not err in entering summary judgment for defendant.

Affirmed.