Argued and submitted April 21, reversed and remanded November 13, 2003

Marcia L. AICHER,
Heather M. Ancich, Annette R. Beguhl,
Coletta Maria Brands, Marcia D. Brynelson,
Teresa Marie Cousins, Jim L. Cox,
Dan R. Drake, Vickie L. Forrester,
David Allen Johnston, David M. Jenson,
Scott P. Lawson, Diane M. McCoy,
Kim A. McKinney, Jennifer A. Meisner,
Terry J. Parsons, Karen A. Roberts,
Theresa M. Rosenhall, Larry B. Shaffer,
and Linda Zurfluh,
*Appellants,*

*v.*

EARLINGTON PARK, INC.,
fka Johnson-Lieber, Inc.;
and Johnson-Lieber, Inc.,
*Respondents.*

00-11-11564; A116791

79 P3d 391

William E. Gaar argued the cause and filed the briefs for appellants. With him on the reply brief was Buckley LeChevallier, P.C.

Janine C. Blatt argued the cause for respondents. With her on the brief were Jeffrey J. Druckman and Druckman & Associates, P.C.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Plaintiffs filed an action against their former employer, Earlington Park, Inc. (EPI), alleging that EPI was liable to them under ORS 652.140 and ORS 652.150 for vacation wages and penalties because EPI's successor and their new employer, Marketing Specialist Sales Company (MSSC), did not give them credit for their EPI vacation wages on the first day of their MSSC employment.[1] EPI moved for summary judgment on plaintiffs' claim. Plaintiffs submitted evidence in response to the motion that sought to establish the existence of facts material to their claim. The trial court concluded that plaintiffs' evidence could not be considered, and, as a consequence, it granted EPI's motion. We review the record in the light most favorable to plaintiffs to determine whether there are disputed issues of material fact. ORCP 47 C; *Jones v. General Motors Corp.,* 325 Or 404, 408, 939 P2d 608 (1997). We reverse and remand.

In 1999 EPI, then known as Johnson-Lieber, Inc. (JL), sold assets to MSSC. The sale included the transfer of a number of EPI employees to MSSC. Pursuant to the sale, plaintiffs' EPI employment ended on January 27, 2000, and their MSSC employment began on January 28, 2000. When they worked for EPI, plaintiffs earned vacation time in one calendar year for use in the following year. In contrast, MSSC allowed its employees to use their vacation time in the year that they earned it. On the effective date of the sale, plaintiffs had accrued vacation time with EPI, and EPI did not then and has not since paid them for that time.

ORS 652.140 generally requires an employer to pay an employee the employee's wages within a short time after the termination of the employee's employment. Subsection (6) of the statute creates an exception for the payment of wages for holiday, sick, and vacation leave when an employer sells its business or property and its employees continue working for the purchaser. Under the exception, the employer that sells its business or property is not required to pay its terminated employees for their earned-but-unused

---

[1] Plaintiffs' complaint lists two defendants, EPI and its predecessor, Johnson-Lieber, Inc. Our references to EPI in the opinion are to both defendants.

leave within the time periods specified in ORS 652.140. The exception applies, however, only if the following conditions are met:

"(a) On the first day of * * * an individual's continued employment the purchaser of the business credits the individual with all such earned but unused accrued leave; and

"(b) The leave, when used, is paid at a rate not less than the rate at which the leave was earned or, if paid at a lesser rate, the number of hours credited is increased to compensate the individual for any difference."

Plaintiffs allege in their complaint that MSSC did not credit them on their first day of employment with the vacation time that they had earned while employed by EPI. EPI moved for summary judgment and submitted evidence that purported to refute plaintiffs' claim that MSSC had failed to give them credit for their EPI vacation time. The evidence included an April 20, 2000, memorandum written by the MSSC human resources manager, Malone, which said:

"During our employee meetings in January and February of this year, you were introduced to the Marketing Specialists vacation policy and advised that you would be converting to this policy when you became [MSSC] employees. This memo is intended to clarify that policy and some possible exceptions to the policy for this year only.

"Under the [MSSC] vacation policy, employees accrue and use their vacation during the same calendar year. At Johnson Lieber, employees accrued vacation during one calendar year for use during the following calendar year. As such, some JL employees may have earned more vacation at a higher rate during 1999 than they would earn during 2000 under the [MSSC] policy. To address this, [MSSC] agreed that former JL employees who earned vacation in 1999 at a higher rate than they would otherwise be entitled to at [MSSC], would be eligible to take the higher amount of vacation, subject to management approval, during the year 2000 only.

"Example: Joe accrued 4 weeks of vacation in 1999 as a JL employee. Joe is eligible for 3 weeks of vacation under [the MSSC] policy. Joe will be allowed to take 4 weeks of vacation in 2000 only. In 2001, he will return to the [MSSC] policy and have 3 weeks available. If Joe separates from the

Company during 2000, he will be paid for the amount of vacation he accrued under [the MSSC] vacation policy for 2000.

"This agreement was made to allow JL employees to take advantage of their accrued benefit from the previous year. There is no provision in the exception to allow employees to be paid vacation time accrued at JL. Therefore, if a former JL employee separates from [MSSC] during 2000, any vacation accrual will be paid out per the current Marketing Specialists policy."

In response to EPI's summary judgment motion, plaintiffs submitted a 2001 affidavit by Malone. Malone's affidavit said, in part, that,

"[a]s the human resources director and as the person responsible for explaining policies to the ex-Johnson-Lieber, Inc. employees, I understood that it was Marketing Specialists' policy to honor the length of service for each employee at Johnson-Lieber, Inc. for purposes of calculating the amount of vacation that they would be entitled to under the Marketing Specialist policy, but that the actual vacation time accrued at Johnson-Lieber, Inc. prior to the merger would not be honored."

EPI argued, and the court agreed, that statements in Malone's 2000 memorandum, particularly the second paragraph quoted above, established that MSSC had credited plaintiffs with their EPI vacation time on their first day of employment with MSSC. In light of that understanding, the court concluded that Malone's affidavit could not create a disputed issue of material fact on that issue. The court relied for its conclusion on Oregon cases that establish that testimony in an affidavit that contradicts an earlier sworn statement by the affiant cannot create an issue of fact for purposes of summary judgment unless the affidavit explains the contradiction. Because it concluded that Malone's affidavit contradicted her earlier memorandum and did not explain the contradiction, the court concluded that plaintiffs had failed to establish the existence of a triable issue of fact. It therefore granted EPI's summary judgment motion. Plaintiffs assign error to that ruling. They also assign error to the court's failure to strike the Malone memorandum, arguing that it is

inadmissible hearsay that could not be used to support EPI's summary judgment motion.

 An affidavit generally cannot create an issue of material fact on summary judgment if it contradicts a prior sworn statement by the affiant. *See Henderson-Rubio v. May Dept. Stores,* 53 Or App 575, 585, 632 P2d 1289 (1981). Malone's 2000 statement was not a sworn statement, so it would not appear to prevent consideration of Malone's 2001 affidavit even if the affidavit contradicted the statement. However, we need not decide whether an unsworn statement can affect the consideration of an affidavit for purposes of summary judgment because we conclude that Malone's relevant statements about the EPI vacation time do not necessarily contradict each other.

Contrary to the trial court's view, Malone did *not* say in her memorandum that plaintiffs had been credited with their EPI vacation time on their first day of employment with MSSC. Rather, she said that

> "[t]here is no provision in the [JL] exception to allow employees to be paid vacation time accrued at JL. Therefore, if a former JL employee separates from MS during 2000, any vacation accrual will be paid out per the current Marketing Specialists policy."

That statement about the effect of separation from employment with MSSC appears to conflict with the proposition that MSSC credited plaintiffs with their EPI vacation time. If MSSC *had* credited plaintiffs with their EPI vacation time, then their separation from MSSC would have *no* bearing on MSSC's obligation to them. If, for example, MSSC had credited an EPI employee with five weeks' vacation time and that employee had separated from MSSC on February 1, 2000, then MSSC would owe the employee for five weeks of vacation time. The memorandum can reasonably be understood to say, however, that any employee who left employment with MSSC in 2000 would be paid only for the vacation time that the employee had accumulated under the MSSC vacation policy for that year. For purposes of our example, that would mean that the EPI employee who had earned five weeks' vacation at EPI would be paid only for the time that the employee had earned under the MSSC policy between

January 28 and February 1, which would be much less than five weeks of vacation time.

Even if Malone's statement and affidavit do not conflict, EPI argues that we should still affirm the grant of summary judgment because other evidence in the record establishes that plaintiffs ultimately received from MSSC credit for all of the vacation time that they had earned with EPI. The flaw in that argument is that the statute at issue in this case, ORS 652.140(6), relieved EPI from the obligation to pay its former employees for their accrued vacation time only if MSSC credited the employees with their accrued EPI vacation time on their first day of employment with MSSC. Although the evidence on which EPI relies supports the proposition that plaintiffs ultimately received credit from MSSC for their EPI vacation time, the evidence does not compel a finding that plaintiffs received that credit on their first day of MSSC employment, particularly in light of the countervailing evidence in Malone's statement and affidavit. In summary, Malone's affidavit creates an issue of material fact about whether MSSC credited plaintiffs with their EPI vacation time on their first day of employment with MSSC. The trial court erred in concluding otherwise. In light of our ruling on plaintiffs' first assignment of error, we do not reach plaintiffs' remaining assignment of error.

Reversed and remanded.