ORTEGA, P. J.
*194 *159 Mitchell Johnson died in a single car accident while riding as a passenger with his friend Byron Moore, who was driving while intoxicated after the two spent several hours drinking together. As relevant here, plaintiff, Johnson's estate, filed a wrongful death action against defendant, The Roundup Pub-the establishment where Johnson and Moore had been drinking immediately prior to the accident-alleging that defendant had negligently served Moore alcoholic beverages when he was visibly intoxicated.[1] The trial court granted summary judgment to defendant, concluding that, under ORS 471.565(2)(b), plaintiff failed to show a genuine issue of material fact that Johnson did not substantially contribute to Moore's intoxication by "encouraging" or "facilitating" Moore's consumption or purchase of alcoholic beverages. Plaintiff appeals the resulting judgment dismissing the estate's claims, assigning error to the trial court's grant of summary judgment. Given the summary judgment record in this case and our interpretation of ORS 471.565(2)(b) in Mason v. BCK Corp. , 292 Or. App. 580, 426 P.3d 206 (2018), we conclude that the trial court did not err in granting summary judgment to defendant because plaintiff failed to come forward with evidence from which a reasonable factfinder could find that Johnson did not substantially contribute to Moore's intoxication during the hours that Johnson and Moore spent together on the night of the accident. Accordingly, we affirm.
Summary judgment is appropriate if there is no genuine issue of material fact for trial and the moving party is entitled to prevail as a matter of law. ORCP 47 C. There is no issue of material fact, if, based on the record, "no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." Id. To determine whether a genuine issue *160 of material fact exists in this case, we review the summary judgment record in the light most favorable to plaintiff-the nonmoving party-and draw all reasonable inferences in plaintiff's favor. Jones v. General Motors Corp. , 325 Or. 404, 939 P.2d 608 (1997). We state the facts consistently with that standard.
Johnson and Moore were long-time friends who regularly socialized together. On the night of the accident, Moore invited Johnson to "spend the evening drinking and socializing." They met at Moore's house and consumed "one or two beers." Next, they went to Washington Street Steakhouse & Pub to play pool, where they also consumed "one or two beers" over the course of an hour or so. As they left Washington Street, Moore gave Johnson $40 to buy beer because Johnson did not have any money with him that night, and the two walked to The Roundup Pub, where they drank for a couple of hours. Moore paid for all the drinks. At about 10:00 p.m., a friend drove them back to Moore's apartment. On the way, Moore bought an 18-pack of beer because they "weren't planning on going back to the bar." At Moore's apartment, they each drank "maybe two apiece." After about 45 minutes, they decided to return to The Roundup Pub and, at Johnson's urging, Moore drove them in his truck back to the bar. After returning to The Roundup Pub, Johnson and Moore continued to drink beer to the point where Moore was visibly intoxicated. At some point, Moore argued with another patron about who had caused a drink to spill. The patron who had actually caused the spill eventually bought a "shot" of alcohol for Moore. Moore blacked out after taking that shot. Nevertheless, Moore drove his truck away from The Roundup Pub with Johnson as his passenger, crashing shortly before 1:00 a.m., causing Johnson's death.
*195 Plaintiff filed a wrongful death action. Defendant moved for summary judgment, arguing that the claim was barred under ORS 471.565(2)(b) because plaintiff could not prove that Johnson had not "substantially contributed to the alleged intoxication of" Moore. ORS 471.565 provides, in relevant part:
"(2) A person licensed by the Oregon Liquor Control Commission, person holding a permit issued by the *161 commission or social host is not liable for damages caused by intoxicated patrons or guests unless the plaintiff proves by clear and convincing evidence that:
"(a) The licensee, permittee or social host served or provided alcoholic beverages to the patron or guest while the patron or guest was visibly intoxicated; and
"(b) The plaintiff did not substantially contribute to the intoxication of the patron or guest by:
"(A) Providing or furnishing alcoholic beverages to the patron or guest;
"(B) Encouraging the patron or guest to consume or purchase alcoholic beverages or in any other manner; or
"(C) Facilitating the consumption of alcoholic beverages by the patron or guest in any manner."
At summary judgment, the parties briefed three issues that are relevant on appeal. First, they disputed how the "clear and convincing evidence" standard in ORS 471.565(2) affected the assessment of whether a genuine issue of material fact existed. Second, the parties offered competing interpretations of ORS 471.565(2)(b) -in particular, what it means to "substantially contribute" to the intoxication of the patron or guest. And third, they disputed whether summary judgment was appropriate when viewing the record in the light most favorable to plaintiff.
The trial court granted summary judgment, explaining its decision in a letter opinion. As to the first issue, the trial court decided that, in evaluating whether plaintiff had demonstrated a genuine issue of material fact, it had to view the evidence presented through the prism of the substantive evidentiary burden-that is, it had to account for the clear and convincing evidence standard when evaluating whether a genuine issue of material fact existed. As for the second issue, the court used dictionary definitions of "encouraging" and "facilitating" and the surrounding statutory text to conclude that the legislature intended a broad range of conduct to qualify under the statute-that is, a person could "substantially contribute" to intoxication if their conduct "helped," "spurred on," "incited," or made it "easier or less difficult" for the patron or guest to buy and consume *162 alcohol. As for whether summary judgment was appropriate on the record, the trial court explained that the uncontroverted evidence showed that "Johnson accompanied Moore throughout the evening, that they drank together over the course of about six hours, that they jointly decided to return to the Roundup after going back to Moore's apartment, and that Johnson successfully persuaded Moore to drive back instead of taking a cab." The trial court determined that there was
"no evidence to suggest that Johnson ever attempted to dissuade Moore from drinking, or that he chose not to accompany Moore while Moore continued to drink. In fact, the evidence is that Johnson went with Moore from bar to bar, that they bought rounds for each other and that Johnson went up to the bar with Moore to get another round."
The court concluded that those actions by Johnson "encouraged" and "facilitated" Moore's purchase and consumption of alcoholic beverages and noted that plaintiff had not advanced evidence sufficient to show that by engaging in that conduct Johnson did not substantially contribute to Moore's intoxication. Accordingly, the court granted summary judgment, concluding that no objectively reasonable juror could find that Johnson had not substantially contributed to Moore's intoxication by encouraging or facilitating his purchase and consumption of alcohol.
The parties reprise their arguments from below on appeal, disputing (1) how the "clear and convincing" evidentiary standard should be applied at summary judgment, (2) what it means to "substantially contribute" to intoxication, and (3) whether summary judgment *196 was appropriate in this case given the record and the answers to the first and second issues. After the parties briefed and argued this case, we resolved the first two issues in Mason . Accordingly, we explore that decision in detail before applying the legal framework announced in that case to the summary judgment record in this case.
In Mason , the plaintiff alleged that the operator of a pub had overserved a visibly intoxicated patron, who crashed her car and injured the plaintiff after they left the pub together. 292 Or. App. at 581-82, 426 P.3d 206. The uncontroverted *163 evidence in that case showed that the plaintiff and the patron drank for several hours at the same bar and that the plaintiff had bought rounds of drinks for the group during that time and had purchased between one and three beers for the driver. Id. at 581, 426 P.3d 206. The parties briefed the same issues that are in play in this case.
In Mason , we began by deciding "the role that the 'clear and convincing' standard of proof plays in our assessment of whether the case presents a genuine issue of fact for trial." Id. at 584-85, 426 P.3d 206. The defendant asserted that the clear and convincing standard of proof "must be considered at the summary judgment stage and requires courts to consider the quantum of proof when ruling on the motion." Id. at 585, 426 P.3d 206. We ultimately disagreed, noting that "Oregon courts do not determine summary judgment with the 'clear and convincing' evidence standard in mind. Rather, the court determines whether there is 'some evidence' or 'any evidence' that presents a genuine issue of material fact for a jury to resolve." Id. at 587, 426 P.3d 206. We explained that, "[a]lthough, in this case, plaintiff has a heightened burden of proof at trial and has a burden of coming forward on summary judgment, plaintiff need only show 'some evidence' to raise a genuine issue of material fact." Id. That is, to avoid summary judgment, the plaintiff had to show "some evidence" or "any evidence" that he did not "substantially contribute" to the driver's intoxication by conduct described in ORS 471.565(2)(b)(A) to (C). Id. at 587-88, 426 P.3d 206.
Next, we construed ORS 471.565(2)(b). First, we determined that, by using "substantially contribute" in the statute, the legislature intended that term to mimic the tort concept of "substantial factor." Id. at 591, 426 P.3d 206. Therefore, we explained that "substantially contribute" encompasses "conduct that was a significant and material cause of the intoxication." Id. at 596, 426 P.3d 206. In other words, a person substantially contributes to the intoxication of the patron or guest "when the person's conduct, as described in subparagraphs (A) through (C) of the statute, is a significant and material factor in the patron or guest's intoxication, as opposed to a factor that a reasonable person would regard as insignificant." Id .
*164 Next, we turned "to the question of what conduct is actually encompassed by the subparagraphs of the statute." Id. at 596, 426 P.3d 206. Looking to the ordinary meaning of the words used in each subparagraph, we first explained that "providing or furnishing" alcohol in subparagraph (A) "includes directly or indirectly supplying a person with alcoholic beverages, including through purchasing and making available the alcohol." Id. at 597, 426 P.3d 206.
Under subparagraph (B), "[e]ncouraging the patron or guest to consume or purchase alcoholic beverages or in any other manner" occurs when a plaintiff has "engaged in conduct that encouraged the patron or guest to purchase alcoholic beverages, drink alcoholic beverages, or otherwise engage in drinking activities, such as drinking with the person or 'bar hopping.' " Id. at 599, 426 P.3d 206. In reaching that conclusion, we explicitly wrestled with whether "encouraging" as used in subparagraph (B) included only "directly" inciting or emboldening the patron or guest to buy or drink alcoholic beverages ("such as offering to buy a later round of beers or daring someone to consume another shot of whiskey"), or whether it "swept more broadly" to include "more indirect means of encouraging those same activities, such as by acting as a drinking companion during the patron or guest's drinking activities." Id. at 598, 426 P.3d 206. We concluded that, given the text and context of the statute, the legislature *197 did intend to sweep in the more expansive "indirect" idea of encouragement. Id.
Finally, we determined that "facilitating the consumption of alcoholic beverages" in subparagraph (C) "connotes conduct undertaken with an awareness of making an outcome easier or less difficult, as opposed to conduct that unwittingly helps achieve that outcome." Id. at 601, 426 P.3d 206. Accordingly, we concluded that " 'facilitating' in this context refers to knowingly making it easier for the intoxicated person to consume alcoholic beverages." Id. at 602, 426 P.3d 206.
Applying that understanding of ORS 471.565 (2)(b) to the summary judgment record, we concluded that the plaintiff's argument and evidence failed to account for the unusual burden of production and persuasion that ORS 471.565(2)(b) places on plaintiffs. We reiterated that *165 the statute "puts the burden on the plaintiff to prove a negative-that the plaintiff did not substantially contribute to the patron or guest's intoxication in any of the ways specified in subparagraphs (A) through (C)." Id. At summary judgment, the plaintiff "must produce evidence that would allow a nonspeculative finding that the plaintiff's conduct did not substantially contribute to the patron or guest's intoxication." Id. We acknowledged that in some cases, the nature of the accident itself might suggest no obvious connection between the plaintiff and the intoxicated person who caused the injury (e.g. , where the plaintiff and the intoxicated person had no interactions on the day of the accident), and summary judgment could be easily avoided. However, we explained that, on the other end of the spectrum, there are cases where a connection between the plaintiff and the other's intoxication is apparent. In those cases,
"an affirmative finding that any such conduct was not a significant and material factor in the patron or guest's intoxication will depend on the broader circumstances of the intoxication-namely, the existence of facts that make it more likely than not that the plaintiff's conduct, even if encouraging the purchase or consumption of alcohol or facilitating its consumption, was not a significant and material factor given the overall circumstances of the case."
Id. at 603, --- P.3d ---- (emphasis in original).[2]
Given that framework, we determined that the plaintiff in Mason had not produced evidence to allow a nonspeculative finding that his conduct was not a material and significant factor in the driver's intoxication. We explained that the plaintiff had acknowledged that he drank and socialized with the patron for several hours on the night of the accident and that he bought between three and five rounds of drinks for the group during that time and purchased between one and three beers for the patron before *166 the accident. Id. We noted that "[t]hat conduct, depending on the other surrounding circumstances at the bar, could have encouraged or facilitated [the driver's] intoxication within the meaning of subparagraphs (B) and (C)." Id. at 604, 426 P.3d 206. However, the plaintiff, rather than offering evidence to establish additional circumstances that might have called into question whether the admitted conduct "substantially contributed" to the driver's intoxication, "essentially point[ed] to the lack of evidence on those points." Id. (emphasis in original). We noted that that argument failed to account for the plaintiff's burden under ORS 471.565 (2)(b), which requires the plaintiff, not the defendant, to establish the plaintiff's role in the intoxication of the patron or guest. Id. at 604-05, 426 P.3d 206. Accordingly,
"[w]here there is no evidence as to when the rounds were purchased; what, if anything, was said or implied about continued purchases or consumption; or the degree to which plaintiff's companionship and continued drinking influenced [the driver's] own decision to purchase or consume alcoholic *198 beverages, that hole in the record cuts against plaintiff with regard to whether he substantially contributed to her intoxication. Without additional evidence that would allow the jury to evaluate the specific nature and context of their drinking activities, a trier of fact would be required to speculate about whether plaintiff did anything to encourage or facilitate the purchase or consumption of alcohol within the meaning of ORS 471.565(2)(b)(B) and (C) and the role, if any, that conduct did or did not play in [the driver's] intoxication."
Id. at 605, 426 P.3d 206. Therefore, we concluded that the trial court correctly granted summary judgment because the plaintiff did not come forward "with evidence from which a reasonable trier of fact could find that he did not substantially contribute to [the driver's] intoxication during the hours they spent drinking and socializing together." Id. at 606, 426 P.3d 206.
With that background in mind, we return to the case before us.[3] Here, plaintiff asserts that the trial court *167 erred by concluding that Johnson's "mere presence" substantially contributed to Moore's intoxication and that "a reasonable juror could decide that * * * Johnson's presence did not substantially contribute to Moore's intoxication in a manner of any real importance." As explained below, plaintiff's argument fails to adequately engage with the summary judgment record that is before us, and, as in Mason , fails to account for the unusual burden of production and persuasion that plaintiff bears under ORS 471.565(2)(b).
Here, it is undisputed that Johnson and Moore spent several hours on the night in question drinking and socializing together. Regardless of whether Johnson bought any of the alcohol, given our understanding of ORS 471.565 (2)(b)(B), socializing and drinking together could have encouraged Moore's purchase and consumption of alcohol within the meaning of subparagraph (B). See Mason , 292 Or. App. at 599, --- P.3d ---- ("drinking with a person or 'bar hopping' " fits within the expansive view of "encouraging" in ORS 471.565(2)(B) ). In that circumstance, it was incumbent on plaintiff to produce some evidence about the overall circumstances of that night that would allow a reasonable factfinder to make a nonspeculative finding that Johnson's conduct encouraging Moore to consume or purchase alcoholic beverages was not a significant and material factor in Moore's intoxication. It is not enough to simply assert, as plaintiff does on appeal, that Johnson "merely accompanied Moore to two pubs" without also pointing to evidence that would allow the jury to make a finding about the nature and extent of Johnson's conduct while with Moore. Rather, as in Mason , plaintiff did not come forward with evidence that would establish those additional circumstances. See Mason , 292 Or. App. at 605, --- P.3d ---- (explaining that, where there is a lack of evidence about how the plaintiff's companionship and continued drinking influenced the driver's own decision to purchase or consume alcoholic beverages, "that hole in the record cuts against plaintiff with regard to whether he substantially contributed to her intoxication").
*168 Accordingly, in order for a reasonable factfinder to find that Johnson's conduct that night did not substantially contribute to Moore's intoxication, the factfinder would have to speculate about the role that Johnson's conduct did or did not play. Given the legislature's choice to place the burden on plaintiff in this type of case, plaintiff's failure to come forward with evidence from which a reasonable factfinder could find that he did not substantially contribute to Moore's intoxication during the hours they spent drinking and socializing together, the trial court correctly granted defendant's motion for summary judgment.[4]
Affirmed.

Plaintiff voluntarily dismissed a negligence claim against Moore. In addition, plaintiff alleged a negligence per se claim and a claim for statutory liability under ORS 471.565 against defendant. The negligence per se claim was dismissed and is not at issue on appeal, and, although plaintiff asserted that the trial court erred in dismissing his statutory liability claim, he conceded in an additional memorandum of authorities that the Supreme Court held in Deckard v. Bunch , 358 Or. 754, 370 P.3d 478 (2016), that a claim for statutory liability is not available under ORS 471.565. On that basis, we reject plaintiff's third assignment of error.

In Mason , we used the phrase "more likely than not" when describing the affirmative nature of the finding-that is, the evidence must allow a reasonable factfinder to affirmatively find a negative. However, as we emphasized at other points in Mason , a plaintiff ultimately has a clear and convincing burden of proof at trial under ORS 471.565(2) and will survive a motion for summary judgment by presenting any evidence from which a trier of fact reasonably could find that the plaintiff did not substantially contribute to the patron or guest's intoxication in the ways specified in subparagraphs (A) through (C) of the statute.

As noted, the trial court incorrectly determined that the existence of the "clear and convincing" standard of proof in ORS 471.565(2)(b) required it to view the summary judgment record through the prism of the substantive evidentiary burden-that is, it had to account for the clear and convincing evidence standard when evaluating whether a genuine issue of material fact existed. That mistake, however, does not impede our ability to apply ORCP 47 C to the record in this case and decide whether the court correctly granted summary judgment.

In an additional memorandum of authorities, plaintiff urges us to consider whether ORS 471.565(2) is constitutional under the remedy clause of Article I, section 10, of the Oregon Constitution. See Schutz v. La Costita III, Inc. , 288 Or. App. 476, 406 P.3d 66 (2017), rev. allowed , 362 Or. 794, 416 P.3d 1096 (2018) (declaring ORS 471.565(1) unconstitutional). Plaintiff acknowledges that that argument was not presented to the trial court and does not seek plain error review. Accordingly, that issue is unpreserved, and we do not consider it. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error.").